UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BEVERLY FAYE BLYTHE,

    Plaintiff,

v.                                             No. Civ. 09-739 JCH/RLP

SOUTHWEST AIRLINES CO.,

    Defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on Defendant Southwest Airlines Company's Motion to Dismiss for failure to state a claim, filed September 23, 2009 (Doc. 7); on Southwest's Motion to Dismiss for lack of subject-matter jurisdiction, filed December 18, 2009 (Doc. 18); on pro se Plaintiff Beverly Faye Blythe's Motion for Leave to File Amendment to Complaint and for Extension of Time to File, filed December 22, 2009 (Doc. 20); and on this Court's duty to dismiss a complaint in which the plaintiff is proceeding *in forma pauperis* "at any time" if the Court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). Because the Court concludes that Blythe has failed to allege sufficient facts to invoke this Court's subject-matter jurisdiction and that she should not be allowed an opportunity to amend her Complaint, the Court will dismiss the Complaint.

### I. ALLEGATIONS IN THE COMPLAINT

Blythe used a form complaint for filing actions under 42 U.S.C. § 1983, attaching a typed supplement to the form. *See* Doc. 1. She alleged no basis for federal jurisdiction except for § 1983 and 28 U.S.C. § 1343(3) (providing for original federal jurisdiction over suits filed to redress deprivations of federal Constitutional rights). *See id.* at 2. Blythe did not check "yes" or "no" in the area where she was to indicate whether Southwest was "acting under color of state law." *Id.*

The Complaint alleges:

> On July 24, 2006 I was traveling on Southwest Airlines. I was served hot coffee in a clear plastic cup. The cup was sitting on the tray in front of me when [] it spilled directly into my crouch [sic] causing me to be severely burned.

*Id.* When the stewardess, who had "just handed [Blythe] the hot coffee," realized that Blythe was in pain, she asked if Blythe "wanted to go to the bathroom." *Id.* at 7. Blythe states that the coffee burned her pelvic and upper-leg area. *See id.* Blythe requests an unspecified amount of money for pain, suffering, and medical costs. *See id.* at 6.

## II.   APPLICABLE LAW

> Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof. A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking.

*Marcus v. Kan. Dep't. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (internal quotation marks and citation omitted) (italics in original). Under the well-pleaded-complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). But when a complaint contains no allegations to show that a private individual is acting under color of state law or that he has deprived an individual of federal rights, there is no state action and the plaintiff has failed to state a federal claim or to invoke federal subject-matter jurisdiction. *See Johnson v. Fuss*, No. 09-1212, 2009 WL 3437822, *1 (10th Cir. Oct. 27, 2009) (affirming dismissal of § 1983 "complaint, which consisted of state tort law claims and did not allege state action, for lack of subject matter jurisdiction").

The Court applies the following standards in resolving whether Blythe's Complaint states a cognizable federal claim:

> *Bell Atlantic Corp. v. Twombly* [] reject[ed] the "no set of facts" language of *Conley* [ *v. Gibson*, 355 U.S. 41, 45-46 (1957),] and announc[ed] a new (or clarified) standard: to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." --- U.S. ----, ----, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007).  Under this revised standard, as we explained in *Ridge at Red Hawk, L.L.C. v. Schneider*:
>
>> the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.
>
> 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Twombly*, 127 S. Ct. at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).  Further,

> [i]t is plaintiff's burden both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation.

*St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 n.10 (1938).

"Title 28 U.S.C. § 1332 confers jurisdiction in the district court over an action between citizens of different states if the amount in controversy exceeds $75,000.00."  *Martinez v. Martinez*, Nos. 02-2182, 02-2188, 62 Fed. Appx. 309, 314, 2003 WL 1904807, 4 (10th Cir. 2003).

> To invoke the power of the court pursuant to § 1332, allegations of diversity must be pleaded affirmatively.  "To determine whether a party has adequately presented facts sufficient to establish federal diversity jurisdiction, appellate courts must look to the face of the complaint, ignoring mere conclusory allegations of jurisdiction." *Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991) (citations omitted).  "The party seeking the exercise of jurisdiction in [her] favor must allege in [her] pleading the facts essential to show jurisdiction. . . . ." *Id.* (quotation omitted).  Because federal courts are courts of limited jurisdiction, there is a presumption against its existence, and the party invoking

> federal jurisdiction bears the burden of proof when diversity is challenged. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

*Id.* at 313.

> In a cause instituted in the federal court the plaintiff chooses his forum. He knows or should know whether his claim is within the statutory requirement as to amount. His good faith in choosing the federal forum is open to challenge not only by resort to the face of his complaint, but by the facts disclosed at trial, and if from either source it is clear that his claim never could have amounted to the sum necessary to give jurisdiction there is no injustice in dismissing the suit.

*St. Paul Mercury Indem. Co.*, 303 U.S. at 290.

### III.   ANALYSIS

#### A.   Blythe has failed to invoke this Court's federal-question jurisdiction.

As noted, Blythe suggested federal-question jurisdiction only by using a form complaint that cites § 1343(3) and § 1983 as a basis for federal jurisdiction. But Blythe has not alleged any facts to show a violation of her federal constitutional or statutory rights. It is also clear that Southwest Airlines and its stewardess are private, and not state, actors. Further, there are no allegations to indicate that Southwest acted in concert with a state actor or otherwise met any of the four tests that courts use to determine whether conduct by an otherwise private party may be considered state action.[1] Blythe, therefore, has failed to allege sufficient facts to invoke this Court's subject-matter jurisdiction based on a federal question arising under § 1983 and her Complaint must be dismissed. *See Conn*, 526 U.S. at 290; *Johnson*, 2009 WL 3437822 at *1.

#### B.   Blythe's Complaint does not allege federal jurisdiction based on diversity.

A review of Blythe's Complaint shows that she also does not invoke this Court's diversity

---

[1] *See Johnson v. Rodrigues*, 293 F.3d 1196, 1202-03 (10th Cir. 2002) (describing the tests as "(1) the public function test, (2) the nexus test, (3) the symbiotic relationship test and (4) the joint action test").

jurisdiction under 28 U.S.C. § 1332. Blythe failed to allege any facts establishing Southwest's citizenship and the Complaint is devoid of any allegations regarding an amount in controversy. *See* Doc. 1. "[T]he courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998). Blythe does not contend in her response to Southwest's motion to dismiss that the Court has diversity jurisdiction, nor does she set forth any facts regarding citizenship or the amount in controversy. *See* Doc. 27. Instead, she continues to make the unsupported statement that "[t]he Court has Federal Question Jurisdiction over Plaintiff's action." *Id.* at 1. Blythe has failed to meet her burden to invoke the Court's diversity jurisdiction over this case. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 290; *Martinez*, 62 Fed. Appx. at 313.

### C. Blythe should not be allowed to amend her Complaint.

In response to Southwest's second motion to dismiss, Blythe requested an opportunity to amend her Complaint and a 60-day extension of time in which to do so. *See* Doc. 20. She stated that she will file a "Statement of Claim" and "Subject-Matter." *Id.* at 1. FED. R. CIV. P. 15(a)(2) provides that "the court should freely give leave [to amend] when justice so requires." But a plaintiff seeking to amend her complaint "must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment." *Calderon v. Kan. Dep't of Social & Rehab. Servs.*, 181 F.3d 1180, 1186-87 (10th Cir. 1999) (holding that such notice must be given "before the court is required to recognize that a motion for leave to amend is before it"). "Without this information the district court is not required to recognize, let alone grant, a motion to amend." *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009). Our local rules require a party seeking to amend or supplement her pleadings to submit the "proposed amendment" with the motion to amend. D.N.M. LR-Civ. 15.1.

Blythe failed to submit a proposed amended complaint, nor has she explained in any of her briefing how a proposed amendment would cure the jurisdictional deficiencies that Southwest identified in its motion to dismiss. Instead, she repeatedly states that "approval of the Court [to allow her to file an amended complaint] will answer the concerns that the Defendant has filed [in] this Motion." Doc. 27 at 2. But courts are not required "to engage in independent research or read the minds of litigants to determine if information justifying an amendment exists," *Calderon*, 181 F.3d at 1187, and the Court will not attempt to guess what facts Blythe has known for over three years, but has not yet revealed, that could possibly invoke the Court's subject-matter jurisdiction.

**IT IS ORDERED** that Southwest's motion to dismiss [Doc. 18] is GRANTED; that Blythe's Motion to Amend [Doc. 20] is DENIED; that Southwest's Motion to Dismiss [Doc 7] is DENIED as moot; and that Blythe's Complaint is DISMISSED without prejudice for lack of subject-matter jurisdiction.

_____
UNITED STATES DISTRICT JUDGE